MEMORANDUM **
Pursuant to a plea agreement, Defendant Bobby Langley pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341. He appeals the district court’s imposition of a 21-month sentence, specifically challenging its application of a two-level sentencing enhancement under U.S.S.G. § 2Bl.l(b)(ll)(C)(i) for unauthorized transfer or use of a means of identification to produce another means of identification.
(1) The government did not breach the plea agreement. The government may breach a plea agreement where it attempts to influence the district court in favor of imposing a sentence greater than the one it agreed to recommend. United States v. Ellis, 641 F.3d 411, 417 (9th Cir.2011). However, “[a] plea agreement does not bar the government from honestly answering the district court’s questions. To the contrary, honest response of the government to direct judicial inquiry is a prosecutor’s professional obligation that cannot be barred, eroded or impaired by a plea agreement.” United States v. Allen, 434 F.3d 1166, 1175 (9th Cir.2006) (quoting United States v. Maldonado, 215 F.3d 1046, 1052 (9th Cir.2000)) (internal quotation marks omitted).
The prosecutor here did not bring up the .question of unauthorized use at the sentencing hearing; the district court did. The district court made clear it was inclined to impose the enhancement in its *571 draft Sentencing Memorandum, discussed the unauthorized use issue with the defense, and then turned to the prosecution. The question the district court addressed to the prosecutor at the sentencing hearing was sufficiently direct that the prosecutor had an obligation to answer it. Allen, 434 F.3d at 1175. Moreover, what the prosecutor said in response did not contradict what the defendant had already stated at the sentencing hearing, which was that “many of the names and identification numbers compromised in this case belonged to people who allowed their names and numbers to be compromised.” All the prosecutor added to that statement was “but not all of the time,” which was implicit in what the defense had already stated. It would be difficult for a prosecutor to say less than she did without violating her duty of candor to the court. See id.
Furthermore, the prosecutor consistently recommended the sentence that the government had promised to support in the plea agreement. Asked to opine on the issue of unauthorized use, she first reiterated the government’s position that the plea agreement was “fair” and that the government was sticking to its recommendation. She only gave a more responsive statement on the unauthorized use issue when further prompted by the district court.
Because the prosecutor had a duty to respond candidly to the district court’s questioning about unauthorized use, and because she did so while still fully supporting the sentencing recommendation previously agreed to, there was no breach.
(2) The district court did not err in imposing the sentencing enhancement under U.S.S.G. § 2Bl.l(b)(ll)(C)(i) for unauthorized transfer or use of one means of identification to produce another because there was sufficient evidence in the record to support that enhancement.
A district court’s factual determinations in sentencing are reviewed for clear error. See, e.g., United States v. Christensen, 732 F.3d 1094, 1100 (9th Cir.2013). A finding of fact is clearly erroneous only where it is “(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.” United States v. Pineda-Doval, 692 F.3d 942, 944 (9th Cir.2012) (internal quotation marks omitted).
Here, the district court could properly infer that the use of K.A.’s identification was unauthorized from the fact that the defendant sold K.A.’s information to N.S. While it is theoretically possible that the use of K.A.’s information was nonetheless authorized, it was not clearly erroneous for the court to conclude otherwise, especially in light of the defendant’s statement at sentencing that “a lot” of the uses, rather than “all,” were authorized. Additionally, the Presentence Report stated that there were unauthorized uses, and Langley implicitly so conceded, by stating only that many of the uses were authorized.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.